No. 2552.—MARY W. HENDERSON v. T. L. MAXWELL, Sheriff, et al.

An injunction will not be set aside for irregularities in the bond or affidavit, if it is manifest, from a mere inspection of the record, that the plaintiff would be immediately entitled to another injunction.

Extracts from an inventory or proces verbal, when duly certified by the proper authority, are admissib e in evidence, and it is unnecessary to introduce all the mortuary proceedings of a succession to prove a fact or establish a date.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Bentinck Egan*, for plaintiff and appellee. *Hornor & Benedict*, for defendants and appellants.

LUDELING, C. J. The plaintiff claiming to be the owner of two lots of ground, situated in the city of New Orleans, enjoined the sheriff from selling them under an execution against Nimms & Nixon.

The defendant moved to dissolve the injunction on the ground that the bond was not signed by plaintiff or any one authorized to sign it, and that the sureties are not solvent. Subsequently they filed an answer, and the case was tried on the merits. It is of no importance now to consider the questions raised in the motion, for even if the allegations in the motion be true, it is our duty to decide the question of title to the property, if the evidence in the record will enable us to do it, notwithstanding the defects in the bond. It has been repeatedly decided that, when it is manifest that the plaintiff would be entitled to another injunction, courts will not set aside the writ for irregularities in the bond or affidavit.

This view dispenses with the necessity to notice the first bill of exceptions taken by defendant.

The second bill was to the admission in evidence of the copy of the will of Baker Woodruff; copy of petition for probate, and order probating the will; extract from the inventory, etc. These documents were objected to, on the grounds that the whole record of the succession should have been offered, and not a portion thereof; that the portions

offered were irrelevant to the issue; that such evidence is not the best proof of title to real estate, and that it proves nothing.

The district court correctly overruled these objections. Extracts from inventories or from proces verbal of sales, when duly certified, are admissible in evidence. Fletcher *v.* Dickson, 1 R. 413; 2 An. 386; 14 An. 141.

It is not necessary that all the mortuary proceedings of a succession should be introduced to prove a fact or a date, which may be shown by a particular document. Such a practice is abusive, and will not be sanctioned. 1 R. 258; 4 R. 201; 5 An. 400; 6 An. 446.

The evidence shows that the plaintiff received the property in controversy as a legatee under the last will of Baker Woodruff, and that she has had the possession of the same, receiving the rents and revenues thereof for several years. The testator's title to the property is clearly proved.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.

Rehearing refused.